**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jonathon Flores, | ) | No. CIV 06-1089-PHX-EHC (GEE) |
| Petitioner, | )<br>) | **REPORT AND RECOMMENDATION** |
| vs. | )<br>) | |
| Phillip Crawford, | )<br>) | |
| Respondent. | )<br>) | |
| | ) | |

On April 19, 2006, the petitioner, Jonathon Flores, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. He argues his current detention while in removal proceedings is contrary to law. The respondent filed an answer on January 12, 2007.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for a Report and Recommendation.

The Magistrate Judge recommends that the District Court, after its independent review of the record, deny the petition. Flores' current detention is authorized by statute.

Summary of the Case

Flores is a native and citizen of the Philippines who entered the United States as an immigrant on March 28, 1990. (Respondent's answer, p. 2.) On October 16, 1997, he was convicted of Criminal Possession of Controlled Substance, methamphetamine, in violation of section 11377(a) of the California Health and Safety Code. *Id.* On August 15, 2001, he was

convicted of Criminal Possession of Controlled Substance, codeine, in violation of section 11350(a) of the California Health and Safety Code. *Id.*

On July 18, 2003, the Department of Homeland Security (DHS) issued Flores a Notice to Appear charging him with removability because he was convicted of an aggravated felony, a drug trafficking crime, pursuant to INA § 237(a)(2)(A) (iii) [8 U.S.C. § 1227(a)(2)(A)(iii)]. *Id.*, p. 2.

The DHS later supplemented its charge to allege Flores was removable because he was convicted of a controlled substance violation other than a single offense involving possession for one's own use of 30 grams or less of marijuana, pursuant to INA § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)]. (Respondent's answer, pp. 2-3.) The DHS found Flores was subject to mandatory detention. *Id.*, p. 3.

On September 24, 2003, the Immigration Judge (IJ) found Flores removable. *Id.* Flores appealed to the Board of Immigration Appeals (BIA) which affirmed the decision of the IJ. *Id.* Flores filed a petition for review and stay of removal with the Ninth Circuit. *Id.*, p. 3.

At the same time, Flores filed a motion to reconsider with the BIA citing a recent change in the law – *Cazarez-Gutierrez v. Ashcroft*, 356 F.3d 1015 (9th Cir. 2004). *Id.*, p. 3. The BIA granted the motion and remanded to case to the IJ. *Id.*

Two months later, the IJ found *Gazarez-Gutierrez v. Ashcroft* had been withdrawn and ordered Flores removed again. *Id.* Flores again appealed to the BIA. *Id.*

On July 16, 2004, the Ninth Circuit dismissed Flores' appeal for lack of jurisdiction. *Id.*, p. 3-4.

The BIA remanded the case to the IJ to consider the newly issued opinion, *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905 (9th Cir. 2004), and its relation to Flores' eligibility for cancellation of removal. *Id.*, p. 4. The IJ found Flores ineligible for cancellation of removal and ordered him removed again.  *Id.*, p. 4.

Flores again appealed to the BIA which affirmed the decision of the IJ. *Id.* Flores filed a petition for review and stay of removal with the Ninth Circuit. *Id.*, p. 4. The Ninth Circuit granted Flores' motion for stay pending review on October 18, 2005. *Id.*

On April 19, 2006, Flores filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  He argues his current detention while in removal proceedings is contrary to law citing, inter alia, *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005).

On August 8, 2006, the Ninth Circuit denied Flores' appeal in part and dismissed in part. *Id.*  Flores filed a petition for rehearing.  *Id.*  The Ninth Circuit denied the petition and issued its mandate on January 3, 2007.  *Id.*

Discussion

Alien detention and removal is governed by a multi-layered statutory scheme.  *See* 8 U.S.C. §§ 1226, 1226b, 1231, 1537.  The two main statutory provisions are sections 1226 and 1231 [INA §§ 236, 241].  Ordinarily, section 1226 governs the initial apprehension and detention of aliens to determine whether they should be removed from the United States. Section 1226(c) requires the detention of certain classes of aliens, notably those aliens who have been convicted of certain specific offenses.  *See* 8 U.S.C. § 1226(c)(1)(B).

If the alien is determined to be "removable," section 1231 governs the detention, release and removal of the alien. Section 1231(a)(2) authorizes the detention of the alien during the 90-day "removal period" which the statute assumes will be adequate in most circumstances to complete the removal.  Detention past the 90-day limit may be allowed if the alien fails to make a good faith effort to obtain the necessary travel documents.

This "removal period" ordinarily begins on "[t]he date the order of removal becomes adminstratively final."  8 U.S.C. § 1231(a)(1)(B)(i).  If the alien files an appeal and the court of appeals orders a stay of removal, the removal period begins on "the date of the court's final order."  8 U.S.C. § 1231(a)(1)(B)(ii).

In this case, Flores argues his detention is not authorized by law.  At the time he filed his petition, Flores had a colorable argument.  He had filed an appeal, and the court of appeals had granted a stay of removal.  Accordingly, the removal period had not yet begun, and he was being detained pursuant to 8 U.S.C. § 1226 [INA § 236].  The Ninth Circuit has held that section 1226 authorizes only brief periods of detention. *Tijani*, 430 F.3d at 1243 (Detention for

1  two years and eight months was not authorized by section 1226(c).).  Detention during an
2  extended period of appellate review may not pass constitutional muster.  *Id.*

3          On January 3, 2007, however, the Ninth Circuit denied Flores' appeal and issued its
4  mandate.  The mandate triggers section 1231.  See 8 U.S.C. § 1231(a)(1)(B)(ii).  Flores is now
5  being detained pursuant to section 1231(a)(2) which authorizes an alien's detention during the
6  90-day removal period.  Flores is still within this statutorily authorized 90-day detention period.
7  His current detention is not contrary to law.  *See Khotesouvan v. Morones,* 386 F.3d 1298, 1301
8  (9th Cir. 2004), *cert. denied*, 545 U.S. 1145 (2005) (Mandatory detention during 90-day removal
9  period is constitutional.); *See also Wang v. Ashcroft*, 320 F.3d 130, 147 (2nd Cir. 2003) (When
10  the appellate court issues its decision, detention under section 1231 is triggered, and an alien's
11  claim to being illegally detained pursuant to section 1226 becomes moot.);  *Al Najjar v.*
12  *Ashcroft*, 273 F.3d 1330, 1338 (11th Cir. 2001) (same).

13

14          Recommendation

15          The Magistrate Judge recommends that the District Court, after its independent review
16  of the record, deny the Petition for Writ of Habeas Corpus filed on April 19, 2006.

17          Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within
18  10 days of being served with a copy of this Report and Recommendation.  If objections are not
19  timely filed, the party's right to de novo review may be waived.  *See United States v. Reyna-*
20  *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

21          The Clerk is directed to send a copy of this Report and Recommendation to the petitioner
22  and the respondent.

23          DATED this 28th day of February, 2007.

24

25

26  _____

27          Glenda E. Edmonds
       United States Magistrate Judge

28