**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jonathon Flores, | ) | No. CIV 06-1089-PHX-EHC (GEE) |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **(second)** |
| vs. | ) | |
| | ) | |
| Phillip Crawford, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

On April 19, 2006, the petitioner, Jonathon Flores, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. He argues his current detention while in removal proceedings is contrary to law. The respondent filed an answer on January 12, 2007.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for a Report and Recommendation.

The Magistrate Judge recommends that the District Court, after its independent review of the record, deny the petition. Flores' current detention is authorized by statute.

Summary of the Case

Flores is a native and citizen of the Philippines who entered the United States as an immigrant on March 28, 1990. (Respondent's answer, p. 2.) On October 16, 1997, he was convicted of Criminal Possession of Controlled Substance, methamphetamine, in violation of section 11377(a) of the California Health and Safety Code. *Id.* On August 15, 2001, he was

1 convicted of Criminal Possession of Controlled Substance, codeine, in violation of section

2 11350(a) of the California Health and Safety Code. *Id.*

3       On July 18, 2003, the Department of Homeland Security (DHS) issued Flores a Notice

4 to Appear charging him with removability because he was convicted of an aggravated felony,

5 a drug trafficking crime, pursuant to INA § 237(a)(2)(A) (iii) [8 U.S.C. § 1227(a)(2)(A)(iii)].

6 *Id.*, p. 2.

7       The DHS later supplemented its charge to allege Flores was removable because he was

8 convicted of a controlled substance violation other than a single offense involving possession

9 for one's own use of 30 grams or less of marijuana, pursuant to INA § 237(a)(2)(B)(i) [8

10 U.S.C. § 1227(a)(2)(B)(i)]. (Respondent's answer, pp. 2-3.) The DHS found Flores was subject

11 to mandatory detention. *Id.*, p. 3.

12       On September 24, 2003, the Immigration Judge (IJ) found Flores removable. *Id.* Flores

13 appealed to the Board of Immigration Appeals (BIA) which affirmed the decision of the IJ. *Id.*

14 Flores filed a petition for review and stay of removal with the Ninth Circuit. *Id.*, p. 3.

15       At the same time, Flores filed a motion to reconsider with the BIA citing a recent change

16 in the law – *Cazarez-Gutierrez v. Ashcroft*, 356 F.3d 1015 (9th Cir. 2004). *Id.*, p. 3. The BIA

17 granted the motion and remanded to case to the IJ. *Id.*

18       Two months later, the IJ found *Cazarez-Gutierrez v. Ashcroft* had been withdrawn and

19 ordered Flores removed again. *Id.* Flores again appealed to the BIA. *Id.*

20       On July 16, 2004, the Ninth Circuit dismissed Flores' appeal for lack of jurisdiction. *Id.*,

21 p. 3-4.

22       The BIA remanded the case to the IJ to consider the newly issued opinion, *Cazarez-*

23 *Gutierrez v. Ashcroft*, 382 F.3d 905 (9th Cir. 2004), and its relation to Flores' eligibility for

24 cancellation of removal. *Id.*, p. 4. The IJ found Flores ineligible for cancellation of removal

25 and ordered him removed again. *Id.*

26       Flores again appealed to the BIA which affirmed the decision of the IJ. *Id.* Flores filed

27 a petition for review and stay of removal with the Ninth Circuit. *Id.* The Ninth Circuit granted

28 Flores' motion for stay pending review on October 18, 2005. *Id.*

1      On April 19, 2006, Flores filed the instant Petition for Writ of Habeas Corpus pursuant

2   to 28 U.S.C. § 2241.  He argues his current detention while in removal proceedings is contrary

3   to law citing, inter alia, *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005).

4      On August 8, 2006, the Ninth Circuit denied Flores' appeal in part and dismissed in part.

5   *Id.*  Flores filed a petition for rehearing.  *Id.*  The Ninth Circuit denied the petition and issued

6   its mandate on January 3, 2007.  *Id.*

7      On February 2, 2007, Flores filed a motion to reopen with the BIA.  [doc. # 15,

8   Attachment]

9      On February 28, 2007, the Magistrate Judge issued a Report and Recommendation. The

10  Magistrate Judge recommended the District Court deny the petition because Flores' detention

11  was authorized by 8 U.S.C. 1231(a)(2) now that the mandate had been issued.

12     On March 14, 2007, Flores filed an objection informing the court that the BIA granted

13  his motion to reopen and remanded his case to the IJ for further proceedings.  [doc. # 15,

14  Attachment]  On June 6, 2007, the District Court again referred the case to the Magistrate Judge

15  for a Report and Recommendation.

16

17     Discussion

18     Alien detention and removal is governed by a multi-layered statutory scheme.  *See* 8

19  U.S.C. §§ 1226, 1226b, 1231, 1537.  The two main statutory provisions are sections 1226 and

20  1231 [INA §§ 236, 241].  Ordinarily, section 1226 governs the initial apprehension and

21  detention of aliens to determine whether they should be removed from the United States.

22  Section 1226(c) requires the detention of certain classes of aliens, notably those aliens who have

23  been convicted of certain specific offenses.  *See* 8 U.S.C. § 1226(c)(1)(B).

24     If the alien is determined to be "removable," section 1231 governs the detention, release

25  and removal of the alien. Section 1231(a)(2) authorizes the detention of the alien during the 90-

26  day "removal period" which the statute assumes will be adequate in most circumstances to

27  complete the removal.  Detention past the 90-day limit may be allowed if the alien fails to make

28  a good faith effort to obtain the necessary travel documents.

1       This "removal period" ordinarily begins on "[t]he date the order of removal becomes

2   administratively final."  8 U.S.C. § 1231(a)(1)(B)(i).  If the alien files an appeal and the court

3   of appeals orders a stay of removal, the removal period begins on "the date of the court's final

4   order."  8 U.S.C. § 1231(a)(1)(B)(ii).

5       Flores argues his detention is not authorized by law.  At the time he filed his petition,

6   Flores had a colorable argument.  He had filed an appeal, and the court of appeals had granted

7   a stay of removal.  Accordingly, the removal period had not yet begun, and he was being

8   detained pursuant to 8 U.S.C. § 1226 [INA § 236].  The Ninth Circuit has held that section 1226

9   authorizes only brief periods of detention.  *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2003).

10  Detention during an extended period of appellate review is not authorized.  *Id.*

11      On January 3, 2007, however, the Ninth Circuit denied Flores' appeal and issued its

12  mandate.  The mandate triggered section 1231.  *See* 8 U.S.C. § 1231(a)(1)(B)(ii).  Flores then

13  was being detained pursuant to section 1231(a)(2) which authorizes an alien's detention during

14  the 90-day removal period.

15      On March 8, 2007, the BIA granted Flores' motion to reopen and remanded the case to

16  the IJ. Flores is again in removal adjudication proceedings.  His detention is authorized by 8

17  U.S.C. § 1226 [INA § 236] which allows detention during an "expedited" period.  *Tijani*, 430

18  F.3d at 1242.  Flores has been so detained for approximately four and one-half months.  Four

19  and one-half months still qualifies as an "expedited"proceeding.  *Compare Demore v. Kim*, 538

20  U.S. 510, 529-30 (2003) (Petitioner's detention of six months pursuant to section 1226(c) did

21  not violated due process.) *with Tijani*, 430 F.3d at 1243 (Detention for two years and eight

22  months was not authorized by section 1226(c).).  Flores' detention is authorized by law.

23

24      Recommendation

25      The Magistrate Judge recommends that the District Court, after its independent review

26  of the record, deny the Petition for Writ of Habeas Corpus filed on April 19, 2006.

27      Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within

28  10 days of being served with a copy of this Report and Recommendation.  If objections are not

1  timely filed, the party's right to de novo review may be waived.  *See United States v. Reyna-*

2  *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

3        The Clerk is directed to send a copy of this Report and Recommendation to the petitioner

4  and the respondent.

5        DATED this 25th day of July, 2007.

6

7

8

9                                    Glenda E. Edmonds

10                                   United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28