**WO**                                                                                                       NN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Flores, | No. CV 06-1089-PHX-EHC |
| Plaintiff, | **ORDER** |
| vs. | |
| Phillip Crawford, | |
| Defendant. | |

## BACKGROUND

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus ("Petition") filed on April 19, 2006, pursuant to 28 U.S.C. § 2241. (Dkt. 1). The matter was referred to Magistrate Judge Glenda E. Edmonds for a Report and Recommendation. On February 28, 2007, the Report and Recommendation was filed in which the Magistrate Judge recommended denial of the Petition based on Petitioner's status as a removable alien still within the statutorily authorized 90-day detention period pursuant to 8 U.S.C. § 1231(a)(2). (Dkt. 14). Petitioner Flores filed his Objections to Report and Recommendation ("Objections") on March 14, 2007, in which he reported that the Board of Immigration Appeals ("BIA") granted his Motion to Reopen, and therefore he was no longer under a final order of removal but rather was still undergoing removal proceedings.

In light of this turn of events, the Court again referred the matter to Magistrate Judge Edmonds for reconsideration and a second Report and Recommendation.[1]  The second Report and Recommendation was filed on July 27, 2007, in which the Magistrate Judge again recommended denial of the Petition, this time based on the four and one-half months of Petitioner's detention,[2] which was still considered an "expedited" period for removal proceedings pursuant to 8 U.S.C. § 1226(c). (Dkt. 17).

Petitioner filed Objections on August 20, 2007, arguing that the four and one-half months confinement cited by the Magistrate Judge was incorrect because he had been detained since July 2003, the date Petitioner was issued a Notice to Appear charging him with removability. (Dkt. 18).

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "must make a de novo determination of those portions of the report . . . to which objection is made." and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate." 28 U.S.C. § 636(b)(1)(C).

**DISCUSSION**

When the BIA granted Petitioner's Motion to Reopen on March 8, 2007, it remanded the matter to an Immigration Judge ("IJ") for further proceedings.  Since then, the IJ again ordered Petitioner's removal on November 15, 2007, and Petitioner appealed on December 6, 2007.[3]

---

[1] Because a second Report and Recommendation was requested, the first one is deemed moot.

[2] The time period was calculated from March 8, 2007, when the BIA granted Flores' Motion to Reopen and July 25, 2007, the date of the Magistrate Judge's Report and Recommendation.

[3] The Court contacted the detention center to obtain the most current information on Petitioner's status.

- 2 -

Petitioner has been in custody a total of four years and eight months.[4] Throughout this time he has been detained under 8 U.S.C. § 1231(a)(2), awaiting removal after a final order has been issued, or 8 U.S.C. § 1226(c), awaiting a final decision during removal proceedings. Neither statute allows for extended periods of detention,[5] but because the "clock" restarts every time his status changes, he remains in custody to date. In several instances, Flores has been granted either reconsideration or reopening of his case. Petitioner should not be punished for pursuing all avenues of appeal.

Accordingly,

**IT IS ORDERED** denying the first Report and Recommendation (Dkt. 14) as **moot.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's findings with respect to Petitioner's background and history contained in the second Report and Recommendation (Dkt. 17) is **adopted.**

**IT IS FURTHER ORDERED denying** the Magistrate Judge's recommendation.

**IT IS FURTHER ORDERED** that Petitioner's Writ of Habeas Corpus is **granted.** Respondent must release Petitioner from custody under conditions of supervision, unless the government, within 60 days of the filing of this Order, provides a meaningful hearing to Petitioner before an IJ with the power to grant him bail, unless the government establishes that he is a flight risk or will be a danger to the community.

DATED this 14th day of March, 2008.

*Earl H. Carroll*
Earl H. Carroll
United States District Judge

---

[4] The Magistrate Judge's Report and Recommendation (Dkt. 17) accurately summarizes Petitioner's background and history leading up to the filing of his Petition.

[5] 8 U.S.C. § 1231(a)(2) has a six-month presumptive limit on post-removal-period detention, Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001); and 8 U.S.C. § 1226(c) authorizes only brief periods of pre-removal detention. Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005).